UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHLEEN GORSLINE,

    Plaintiff,

v.

SPEEDWAY LLC,

    Defendant.

Case No. 16-cv-13002

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTIONS *IN LIMINE* [24, 25, 26]
AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION *IN LIMINE*
[23]**

## I. Introduction

On September 15, 2017, the Court granted in part and denied in part Defendant Speedway's Motion for Summary Judgment. *See* Dkt. No. 22. The Court granted Defendant's motion on Plaintiff Kathleen Gorsline's ordinary negligence claim, and denied Defendant's motion on Plaintiff's premises liability claim. *Id.*

Presently before the Court are four motions *in limine*, one filed by the Plaintiff and three filed by the Defendant [23–26]. Plaintiff has moved *in limine* to exclude evidence of the absence of accidents caused by the water display in Defendant's store [23]. Defendant has moved *in limine* to preclude evidence of its internal

policies and procedures [24], references to its corporate wealth, financial disparities between the parties, or both [25], and references to it as an "oil company" [26].

The motions are sufficiently briefed and the Court held a hearing on the motions on Tuesday, December 19, 2017 at 10:00 a.m.[1] At the hearing, the Court ruled on these motions from the bench. For the reasons that follow, the Court GRANTED as uncontested Defendant's Motions *in Limine* to Preclude References to Its Corporate Wealth, Financial Disparities Between the Parties, or Both [25], and References to It as an "Oil Company" [26]. The Court GRANTED IN PART AND DENIED IN PART Plaintiff's Motion *in Limine* to Exclude Evidence of the Absence of Accidents [23]. The Court also GRANTED Defendant's Motion *in Limine* to Preclude Evidence of Its Internal Policies and Procedures [24].

**II.    Discussion**

    A.    Defendant's Motions *in Limine* to Preclude References to Corporate Wealth and the Financial Disparities Between the Parties [25], and References to the Defendant as an "Oil Company" [26]

As an initial matter, the Court can easily resolve Defendant's Motions *in Limine* to Preclude References to Its Corporate Wealth, Financial Disparities Between the Parties, or Both [25], and References to It as an "Oil Company" [26].

---

[1] The Plaintiff did not file a reply brief in support of her Motion *in Limine* to Exclude Evidence of the Absence of Accidents.

Plaintiff has concurred in Defendant's motions to exclude this evidence.[2] *See* Dkt. No. 33, pp. 1–2 (Pg. ID 391–92). Consequently, the Court will GRANT these motions as uncontested.

B. Plaintiff's Motion *in Limine* to Preclude Evidence of the Absence of Accidents [23]

The Court will next turn to Plaintiff's motion *in limine*. Dkt. No. 23. This motion is to prevent the Defendant from presenting evidence at trial that no one besides the Plaintiff tripped over the water display. *Id.* at p. 2 (Pg. ID 322). Plaintiff argues that, under Michigan law, this evidence is inadmissible to prove that the Defendant was not negligent. *Id.* at p. 6 (Pg. ID 326). Speedway responds that it does not intend to introduce evidence of the absence of accidents to show that it was not negligent. Dkt. No. 32, p. 7 (Pg. ID 385). Instead, Speedway contends it will offer this evidence to illustrate that the water display "was open and obvious and avoidable." *Id.* at pp. 6–7 (Pg. ID 384–85).

The Court holds that evidence of the absence of accidents is inadmissible to show that the Defendant was not negligent. Evidence of whether other individuals in the store had difficulty traversing the aisleway with the water display is

---

[2] Plaintiff's concurrence is somewhat surprising, given that the Defendant asserts it sought Plaintiff's concurrence in filing these motions as required by Eastern District of Michigan Local Rule 7.1(a)(2). *See* Dkt. No. 25, p. 2 (Pg. ID 346); *see also* Dkt. No. 26, p. 2 (Pg. ID 358).

admissible, however. It is admissible for the limited purpose of describing the condition of the aisleway around the time of Plaintiff's accident.

The parties agree that *McAuliff v. Gabriel*, 34 Mich. App. 344, 191 N.W.2d 128 (1971), is instructive. But, they disagree about how that case should apply here. The Court finds that the Defendant adopts the better view of *McAuliff*.

In *McAuliff*, the court began its analysis by affirming the general principle that "[t]estimony showing the absence of prior accidents is not competent evidence on the issue of defendants' alleged lack of negligence." *Id.* at 131. Indeed, "Michigan courts have long held that negative evidence, i.e., evidence regarding the absence of accidents, is inadmissible to show an absence of negligence." *Paul v. Henri-Line Mach. Tools, Inc.*, 557 F. App'x 535, 540–41 (6th Cir. 2014) (citing *Grubaugh v. City of St. Johns*, 82 Mich. App. 282, 266 N.W.2d 791, 794 (1978)). The *McAuliff* court continued—and Plaintiff fails to acknowledge—that some evidence pertaining to the condition of the premises does not violate the negative evidence rule. Specifically, evidence that is "carefully limited" to "what [the witnesses] themselves had observed and what, if any difficulties had been encountered in entering or exiting the defendants' premises." *McAuliff*, 191 N.W.2d at 131. Therefore, although the Defendant cannot offer evidence of the absence of accidents to show that it was not negligent, it can offer evidence of the condition of the aisleway to prove that people easily navigated this area.

4

This conclusion finds further support from several persuasive authorities cited by the Defendant which, although not resolving issues for trial, rely on evidence about whether people had trouble walking in the area in question. For example, in *Njoku v. Nw. Airlines, Inc.*, a court in this district dismissed a plaintiff's premises liability claim in part because:

> [i]t [wa]s undisputed that several hundred other passengers walked over the steel plate on the jet bridge at gate A–18 on the same day as Plaintiff without incident. Plaintiff does not provide any evidence that this particular steel plate, or other similar plates which exist throughout the airport, have ever posed a risk of harm to passengers.

806 F. Supp. 2d 1022, 1029 (E.D. Mich. 2011). Similarly, in *Meredith v. Somerset Collection, GP, Inc.*, No. 228740, 2002 WL 551104, at *1 (Mich. Ct. App. Apr. 12, 2002), the court granted defendant's summary disposition motion as "[p]laintiff testified that the mall was very crowded, and the evidence indicates that many people negotiated themselves around the platform without incident."

Accordingly, the Court finds that evidence of the absence of accidents is admissible to the extent it is introduced to describe the condition of the aisleway with the water display, and not for proving whether Speedway was negligent.

C. Defendant's Motion *in Limine* to Exclude Evidence of Its Internal Operations Manual

The Court will now address Defendant's Motion *in Limine* to Exclude Evidence of Its Internal Operations Manual. *See* Dkt. No. 24. Here, Plaintiff seeks to introduce sections of Speedway's internal Operations Manual, including

5

provisions that instruct employees (1) to "keep aisles and walkways free of obstructions"; (2) to position floor displays "so that they do not limit walking space or access to gondolas or cooled goods"; and (3) to ensure that floor display areas are "accessible to customers, without interfering with customer traffic and without creating any other safety hazards." Dkt. No. 33, p. 8 (Pg. ID 398). The Court concludes that this evidence is inadmissible.

Gorsline concedes this evidence is not admissible to establish that Speedway had a legal duty or acted negligently. *Id.* Michigan law prohibits the use of internal manuals for this purpose. *See, e.g., Buczkowski v. McKay*, 441 Mich. 96, 490 N.W.2d 330, 332 n.1 (1992) (noting that "[i]mposition of a legal duty on a retailer on the basis of its internal policies is actually contrary to public policy. Such a rule would encourage retailers to abandon all policies enacted for the protection of others in an effort to avoid future liability."); *see also Gallagher v. Detroit-Macomb Hosp. Ass'n*, 171 Mich. App. 761, 431 N.W.2d 90, 92 (1988) (observing that Michigan courts have held that "an institution's internal rules and regulations do not add to its obligations to the public or establish a standard of care" (citing *McKernan v. Detroit C. S. R. Co.*, 138 Mich. 519, 101 N.W. 812, 813–14 (1904))).

Plaintiff attempts to circumvent this restriction by arguing that she will offer this evidence to show that Speedway "knew and possessed knowledge that products placed in aisles and walkways can be dangerous to the safety of customers." Dkt.

6

No. 33, pp. 9, 11 (Pg. ID 399, 401). Yet, as Speedway correctly notes, this purpose is simply another way of alleging that (1) Speedway had a legal duty to keep the aisles safe; and (2) Speedway acted negligently in situating the water display in the aisle. The danger posed by the water display goes directly to whether Speedway had a legal duty or behaved negligently. According to the above, then, Gorsline cannot present evidence of Speedway's internal Operations Manual.

**III. Conclusion**

Based on the foregoing analysis, the Court ruled from the bench and GRANTED as uncontested Defendant's Motions *in Limine* to Preclude References to Its Corporate Wealth and/or Financial Disparities Between the Parties [25], and References to It as an "Oil Company" [26]. The Court GRANTED IN PART AND DENIED IN PART Plaintiff's Motion *in Limine* to Exclude Evidence of the Absence of Accidents [23]. In addition, the Court GRANTED Defendant's Motion *in Limine* to Preclude Evidence of Its Internal Policies and Procedures [24].

Finally, at least one week prior to the start of trial, the Parties must provide the Court with any requests for voir dire, proposed jury instructions, and the verdict form. *See* Dkt. No. 27, p. 3 (Pg. ID 371).

IT IS SO ORDERED.

Dated: December 21, 2017        /s/Gershwin A. Drain
                                GERSHWIN A. DRAIN
                                United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 21, 2017, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk